**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD DEAN DE CRUZ, | No. 15-16683 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01930-TEH |
| v. | |
| A. PANIZZA, Correctional Officer, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

California state prisoner Gerald Dean de Cruz appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a First

Amendment access-to-courts claim and a Sixth Amendment claim relating to his

confidential legal mail.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo a dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). We affirm in part, vacate in part, and remand.

The district court properly dismissed Cruz's access-to-courts claim because Cruz failed to allege facts sufficient to show that he suffered an actual injury from defendant's alleged conduct. *See Lewis v. Casey*, 518 U.S. 343, 348-349, 351 (1996) (to state an access-to-courts claim, a prisoner must allege "actual injury").

However, the district court failed to consider whether the amended complaint states a Sixth Amendment claim on the basis that defendant opened and "presumably" read confidential correspondence between Cruz and his criminal defense attorneys outside of Cruz's presence. *See Nordstrom*, 762 F.3d at 911 ("[A]llegations that prison officials read [an inmate's] legal mail . . . and that [the inmate's] right to private consultation with counsel has been chilled state a Sixth Amendment claim"). Therefore, we vacate the judgment in part and remand for further proceedings on this claim only. We express no opinion as to whether the amended complaint states a Sixth Amendment claim.

**AFFIRMED in part, VACATED in part, and REMANDED.**

15-16683